Abel Acosta, Clerk
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711


RE: Filing Applicant's Objection...
    Trial Cause No. 1113820-A; Writ No. WR-84,266-01

Dear Mr. Acosta:

    Please file the enclosed Applicant's Objection to the Trial Court's Finding of Fact and Conclusions of Law with the Court, and forward to the proper official for review.

    I sincerly thank you for your time, and for any questions, I can be reached at the address below.


Respectfully Submitted,

/s/ Jermaine Dewitt Chaney

Jermaine Dewitt Chaney
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

Ex parte                              §
                                      §
                                      §        Writ No. WR-84,266-01
Jermaine Dewitt Chaney                §

APPLICANT'S OBJECTION TO TRIAL COURT'S
FINDING OF FACT AND CONCLUSION OF LAW

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now, Jermaine Dewitt Chaney, Applicant in the application for Writ of
Habeas Corpus in the above numbered cause; and makes the following objections
to the Trial Court's Finding of Fact and Conclusions of Law.

1. The Trial Court has deliberately ignored evidence which shows that Daniel
   Santien King made several credible declarations of guilt as
   to the murder of Anthony White which were not made available to
   the Applicant at the time of his trial, but years later. These
   include: (A) A voluntary plea of guilty to the murder of
   Anthony White in which he was sentenced in the 338th District
   Court, Harris County, Texas. see: (Exhibit, Appendix-
   memorandum). (B) A statement to the prosecutor (Brent Mayer)
   that Mr. Chaney had nothing to do with the murder; which was
   suppressed by the State and favorable to the Applicant. (C) The
   same statement that (Jermaine had nothing to do with the murder)
   was revealed to Innocence Network investigators during the
   course of their investigation. see: (Exhibit, Appendix-
   memorandum). This evidence was revealed well after the Applicant's
   trial and was not available at that time. The Applicant asserts
   that he has met the threshhold showing of his Schlup claim
   through a credible declaration of guilt by another, supported
   by Mr. Kings plea of guilty to the murder. Both powerful pieces

1.

of evidence. see Fairman v. Anderson, 188 F.3d 635 (5th Cir.1999)

> "A credible declaration of guilt by another is as valid
> evidence as newly available scientific evidence or
> credible eyewitness testimony in exonorating a criminal
> defendant."

The Applicant also asserts that the Trial Court Judge in adopting the State's proposed finding of fact and conclusion of law; failed to consider the very material fact that, Daniel King made his credible declaration of guilt in the form of a guilty plea in front of her, and that she accepted that plea and sentenced Mr. King. This clearly shows bias in favor of the State and not the fair and impartial consideration that the Applicant is constitutionally entitled to. see: Bracy v. Gramely, 520 U.S. 899, 177 S.Ct. 1793, 138 L.Ed.2d 97 (1997)

> "A criminal defendant on either Direct or Collateral
> review is entitled to fair and impartial consideration
> by an unbiased Hearing body."

Therefore, the Applicant requests that an evidentiary hearing is appropriate since the Applicant's 'Schlup Claim' is supported by evidence. see Graves v. Dretke, 442 F.3d 334 (5th Cir.2006)

> "If the petitioner's allegations are cooroborated by
> testimony or evidence, then further factual development
> in an evidentiary hearing is apporpriate."

2. The Trial Court failed to consider the clear and convincing evidence presented by the Applicant contained within the record that shows the identification of the Applicant by Thelma Leifester, was clearly coerced through misconduct by the State, in which both police officer's and an Assistant D.A. told Ms. Leifester she would not be arrested IF she identified the Applicant as the suspect. see: (RR.v.5,pp.186-188); (Applicant's memorandum in support, pp.17).

This, combined with Ms. Leifester's previous identification

2.

of other people as the suspect (see: Exhibits, Appendix-memorandum), renders her in-court identification unreliable and inadmissible. see: Manson v. Brathwaite, 432 U.S. 98, 114 S.Ct. 2243, 53 L.Ed.2d 140 (1977)

> "When the prosecution offers testimony from an eyewitness to identify the defendant as the perpetrator of an offense, fundamental fairness requires that the identification testimony be reliable."

The Applicant asserts that the trial court had an independant duty to ensure that the Applicant received a fair trial. The identification of the Applicant was not merely impermissably suggestive, but clearly coerced and the evidence of the coercion is plainly within the record. For the Trial Court to allow such an in-court identification based on misconduct by the State is an abuse of discretion ans a violation of the Applicant's right to due process which caused the Applicant egregious harm. see: Gonzales v. State, 117 S.W.3d 837 (Tex. Crim.App.2003)

> "The trial court has an independant duty to ensure a criminal defendant receives a fair trial."

3.  The Trial Court by adopting the State's finding of fact and conclusions of law has errouneously and unreasonably ruled on the Applicant's ground concerning the hearsay testimony of Garrett Thomas and Daniel King's wife (Antoinette Miller). In both instances, the testimony involved what Mr. King said to Mr. Thomas and Ms. Miller. While the State and the Trial Court insist that the hearsay issue was considered and ruled against in the Applicant's direct appeal, this ground in the Applicant's Habeas application involves the fact that the Applicant was unable to cross-examine Mr. King as to his out of court statements. This is a clear violation of the

confrontation clause. see: Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, L.Ed.2d 177 (2004)

> "The confrontation clause applies not only to in-court testimony but also out of court statements introduced at trial. Regardless of admissability under the laws of evidence."

That this testimony came from Mr. Thomas, who was incarcerated in the Harris County Jail at the same time as the Applicant, and Ms. Miller, who admitted to making false statements to the police because she was made at Mr. King. see: (RR.v.5, pp. 118-124), and caused the trial judge to have her removed from the court room, clearly shows the unreliability of such testimony that was critical to the Applicant's conviction. Combined with Mr. King's statement that "Jermaine Chaney had nothing to do with this crime" presents more than a reasonable probability that had the Applicant been able to cross-examine Mr. King and had the jury been aware of Ms. Miller's false statements, the outcome of the trial would have been different. see: Mason v. Scully, 16 F.3d 38, 42 (2nd Cir.2000)

> "The assertations accusing the defendant without the testimony of the declarant of the out of court statements, violates the confrontation clause. Since without that testimony, credibility is inevitably suspect, making that evidence unreliable."

4. The Applicant asserts that the Trial Court, by adopting the State's Finding of Fact and Conclusions of Law, allowed facts that are false and not in evidence in the Applicant's case. Specifically, the conclusion that the Applicant did not present any newly available evidence that would have caused a reasonable juror to have not found him guilty beyond a reasonable doubt of Aggravated Sexual Assault. see: (Finding of Fact and Conclusions of Law, #5.pp.16-17)

4.

"The Applicant presents no newly-discovered evidence---
that unquestionably establishes his innocence, or that
otherwise proves by clear and convincing evidence that no
rational juror could have found the Applicant guilty of the
aggravated sexual assault of a child alleged in the primary
case."

The Applicant asserts that the State has deliberately
attempeted to prejudice the Applicant before this Honorable
Court with facts that are non-existent. The Applicant has
never been accused or convicted of such a crime and before
the present case, which is a murder conviction, had never been
convicted of  any felony.

The State is clearly aware that the Applicant's application
for Writ of Habeas Corpus is requested relief from his murder
conviction, which is his only felony conviction. The
Applicant contends that the State's attempt to introduced non-
existent facts into the record was designed to harm the
Applicant. see: Borjan v. State, 787 S.W.2d 53,57 (Tex.Crim.
App.1990)

"Matters not in evidence and harmful to the accused, are
usually designed to prejudice the defendant and as such
are highly inappropriate."

The Applicant also contends that by adopting these non-
existent facts, the trial court allowed them into it's finding,
abused its discretion, and allowed statements meant only to
prejudice the Applicant. see: Bracy v. Gramerly, 520 U.S. 899,
117 S.Ct. 1793 (1997)

"The trial court abused its discretion by allowing evidence
that had no evidentiary value and meant only to prejudice
the applicant, violating the applicant's right to due
process."

5.  The Applicant asserts that the Trial Court erred in adopting
the State's conclusion that it was the Appliant's timing in

filing his habeas corpus claim that caused his trial counsel's alleged memory lapse, put the State in an unfavorable position and prejudiced the State. The Applicant contends that the State's claim that the Court of Criminal Appeals "lessoned" the State's already minimal burden is errouneous. Since a court that would lessen the constitutuional requirements of the State in order to obtain or maintain a criminal defendant's conviction is a violation of the Ex Post Facto clause of the United State's Constitution. see: Carmell v. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); U.S.C.A. Const. Art. 1, §10 CL. 1; Amend. 5, 14

> "Altering the rules in a way that is advantages only to the State, to facillitate the State's ability to obtain or maintain a conviction is a violation of the Ex Post Facto clause."

The Applicant asserts that his Trial Court Counsel's inability to explain why she did not file a motion to suppress the clearly coerced identification of the Applicant by Thelma Leifester; is because there is no plausible reason to explain her explicitly deficient performance. It is plain from the record that she knew that the assistant D.A. and Police Detectives specifically told Ms. Leifester that if she identified and testified against the Applicant, she would not be arrested. This, after Ms. Leifester had previously identified two other persons as suspects, also in the record. Counsel's deficient performance in which she conviently cannot remember, undermines confidence in the Applicant's conviction. see: Bone v. State, 12 S.W.3d 521 (Tex.App.-San Antonio 1999)

> "The totality of trial counsel's deficient representation undermines the confidence in the Appellant's conviction and

we reverse the judgement of the trial court."

Furthermore, the Applicant contends that any delay in his filing his habeas claim was due to his diligence in obtaining evidence of Mr. King's declaration of guilt, and that there is no statute of limitations on Texas habeas relief and the State's claim that the timing of such prejudiced it is ludicrous and clearly erroneous. The Applicant objects to the Trial Court adopting the State's proposed Finding of Fact and Conclusions of Law, since it is clear from the record that the court did so without considering the facts the Applicant presented in his claim, failed to consider the Applicant's objection to the State's out-of-time answer and it's attempt to re-designate issues of unresolved facts and law that remain unresolved. This was after the issue of the Applicant's claim of "Actual Innocence" was designated. The State has clearly attempted to operate outside the rules of 11.07 in order to prejudice the Applicant and the Trial Court has compounded this prejudice by "adopting" anything the State has filed; as well as failing to rule on the Applicant's Motion for an Evidentiary Hearing, which was properly before the Trial Court. These rulings by the Trial Court are based on erroneous views of the law that are unresolved. see: Funk v. Stryker, 631 F.3d 777 (5th Cir.2011)

> "The trial court commits an abuse of discretion when its ruling is based on an erroneous view of the law that is unreasonable."

## CONCLUSION

The Applicant objects to the Finding of Facts and Conclusions of Law proposed by the State and adopted by the Trial Court.

7.

No reasonable jurist would have ignored the evidence shown by the Applicant supporting his innocence, nor would a reasonable jurist allow non-existent facts into the record insinuating that the Applicant was convicted of Aggravated Sexual Assault, in a clear effort to prejudice him before this Honorable Court. This can only point to two conclusions; The Trial Court is assisting the State in its attempt to prejudice the Applicant, or the Trial Court signed the proposed findings and conclusions, without examining its content. The result from either is egregious harm to the Applicant and a violation of his substantial rights.

## PRAYER FOR RELIEF

Wherefore issues having been considered, the Applicant humbly prays that this Honorable Court GRANT him relief through his application for Writ of Habeas Corpus, or in the alternative, ORDER an Evidentiary Hearing to further determine the truth of the evidence offered by the Applicant. The Applicant would also pray that this Honorable Court conduct an interragotory as to why the Trial Court would allow non-existent facts into the record?

Respectfully Submitted,

/s/ Jermaine Dewitt Chaney

Jermaine Dewitt Chaney
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10 day of December, 2015.

Duly Sworn

/s/ Jermaine Dewitt Chaney

Jermaine Dewitt Chaney

8.

APPENDIX

1. Notification by HARRIS COUNTY DISTRICT CLERK of Habeas Filing.

2. Motion Requesting Designation of Issues Filed by the State

3. State's Proposed Order Designating the Issue of the Applicant's Actual Innocence Adopted by the Trial Court.

4. Applicant's Timely Rebuttal to the State's Out-of-Time Answer to Applicant's Habeas Claim.

5. Notification to Harris County District Clerks of Applicant's (Second) filing of his Timely Rebuttal to the State's Out-of-Time Anawer.

May 11, 2015

JERMAINE DEWITT CHANEY
#1496462 STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

RE: CAUSE #1113820-A
338th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 05-11-15. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3 (c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

### CAUSE NO.     PETITION FOR WRIT OF HABEAS CORPUS     DISPOSITION

All future correspondence should indicate the above listed cause number.

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

CC: District Attorney
    Judge, Presiding Court

Cause No. 1113820-A

| EX PARTE | § | IN THE 338th DISTRICT COURT |
| | § | OF |
| JERMAINE DEWITT CHANEY, Applicant | § | HARRIS COUNTY, TEXAS |

## MOTION REQUESTING DESIGNATION OF ISSUES

The State of Texas, by and through its Assistant District Attorney for Harris County, requests that this Court, pursuant to TEX. CODE CRIM. PROC. art. 11.07, §3(d), designate the following issues which need to be resolved:

1. Whether the applicant is actually innocent.



Service has been accomplished by mailing a true and correct copy of the foregoing instrument to the applicant at the following address:

Jermaine Dewitt Chaney
#1496462 – Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

SIGNED this 20th day of May, 2015.

Respectfully submitted,

Eva Flores
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-6657 (office)
(713) 755-5240 (fax)
Texas Bar I.D. #24059760

2

Cause No. 1113820-A

EX PARTE                              §     IN THE 338th DISTRICT COURT

                                     §     OF

JERMAINE DEWITT CHANEY,    §     HARRIS COUNTY, TEXAS
Applicant

## STATE'S PROPOSED ORDER DESIGNATING ISSUES

Having reviewed the applicant's application for writ of habeas corpus, the Court finds that the following issues need to be resolved in the instant proceeding:

1. Whether the applicant is actually innocent.

Therefore, pursuant to Article 11.07, §3(d), this Court will resolve the above-cited issue and then enter findings of fact.

The Clerk of the Court is **ORDERED NOT** to transmit at this time any documents in the above-styled case to the Court of Criminal Appeals until further order by this Court.



FILED
Chris Daniel
District Clerk

MAY 31 2013

Time_____
Harris County, Texas
By_____
Deputy

By the following signature, the Court adopts State's Proposed Order Designating Issues in Cause Number 1113820-A.

SIGNED on the _____22_____ day of _____, 2015.

_____
PRESIDING JUDGE